WR-76, 991-10
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/2/2015 12:00:00 AM
Accepted 11/2/2015 8:07:23 AM
ABEL ACOSTA
CLERK

RECEIVED
COURT OF CRIMINAL APPEALS
11/2/2015
ABEL ACOSTA, CLERK

# IN THE

# TEXAS COURT OF CRIMINAL APPEALS

# WR-76, 991-09

# WR-76, 991-10

# WR-76, 991-11

# BRIEF IN SUPPORT OF ACTUAL INNOCENCE

**Collins O. Nyabwa**

**Petitioner (*Pro se*)**

**1341 W. 43rd Street, #163**

**Houston, TX 77018**

## ACTUAL INNOCENCE

On 10/18/2015 this court granted habeas relief in *Ex Parte Curtis Fournier* (WR-82, 102-01) and *Ex Parte Christopher Dowden* (WR-82, 103-01), defendants who had previously been convicted under the now defunct Online Solicitation of a Minor Statute[1]. This court however denied the defendants' Actual Innocence claims.

On 3/9/2015 petitioner filed an Article 11.07 Post Conviction Habeas Corpus (WR-76, 991-09, 10 and 11) making a similar Actual Innocence claim. At the time of filing (3/9/2015) the Texas Court of Criminal Appeals had not spoken definitively on how the state should handle Actual Innocence claims by criminal defendants convicted based on unconstitutional statutes. Without any Texas precedent, petitioner's arguments for Actual Innocence relied solely on federal law. Now that the court has set a Texas standard for Actual Innocence, petitioner is forced to make his Texas State claim. **For the following reasons, petitioner will demonstrate that even under the new standard, he is still entitled to Actual Innocence.**

### 1. LEGALLY BARRED TO PROSECUTE

It is easy to lump all criminal convictions based on unconstitutional statutes together. However as this court is fully aware, every criminal conviction comes with its own unique set of circumstances. Even though petitioner's Actual Innocence claim appears strikingly similar to *Ex Parte Fournier* and *Ex Parte Dowden,* there is a night-and-day difference between them.

Texas law provides a mechanism for criminal defendants to terminate their criminal prosecution if their statute of conviction is unconstitutional. The proper mechanism is a Pre-Trial Writ of Habeas Corpus. **Neither Dowden nor Fournier invoked this readily available**

---

[1] Texas Penal Code § 33.021(b)

**remedy. Instead they went through with their criminal prosecution, ended up getting convicted and then years later made an actual innocence claim based on their wrongful conviction**. Petitioner's case is a stark contrast. The record is clear that petitioner did indeed file a facial invalidity Pretrial Writ in Harris County 248th District Court on February 2, 2011. (case #s 1294335, 1294336 and 1294337). The trial court judge denied petitioner's pretrial writs on 3/9/2011. **Consequently unlike Dowden and Fournier who are basing their Actual Innocence claim on a wrongful conviction, petitioner's argument is that because the Texas Court of Criminal Appeals invalidated his statute of conviction[2] on 9/17/2014[3] his Pretrial writ <u>barred the state from prosecuting him beyond 3/9/2011</u>**. Unlike Dowden and Fournier, petitioner did not have to defend his conduct in criminal court, did not have to enter a guilty plea, and is as 100% percent innocent as any Texan who has never been criminally prosecuted. **<u>Petitioner's case is therefore the quintessential Actual Innocence case because the state of Texas did indeed convict and imprison the wrong man—a man who did not belong in criminal court; a man who by law they were banned from prosecuting</u>**. There is a big difference between someone arguing their innocence post-conviction and someone who has never been prosecuted. Absent a criminal prosecution the law assumes everybody to be 100% innocent. Because the state of Texas subjected petitioner to a **<u>needless prosecution</u>**, petitioner is as innocent today as he was prior to his criminal prosecution. The state of Texas must therefore compensate petitioner for the 1 year it illegally deprived him of his right to earn a living.

---

[2] Texas Penal Code 21.15(b)(1)
[3] Ex Parte Ronald Thompson

## 2.  <u>EQUAL PROTECTION UNDER THE LAW</u>

Both the Texas and U.S. Constitution have guarantees for equal protection under the law. In a nutshell the law should apply equally to everybody. Petitioner's facial invalidity Pretrial Writ was filed and denied in trial court in 2011. However since then several other defendants have applied the same procedure and avoided prosecution entirely. In *Ex Parte Ronald Thompson*, where this court invalidated the Texas Improper Photography law, the defendant was facing a 26 count indictment yet thanks to his facial invalidity Pretrial Writ, walked away without facing prosecution. If his Pretrial Writ saved him from criminal prosecution this court should explain to petitioner why his **<u>exactly similar</u>** 2011 Writ should not have spared him from criminal prosecution.

**Collins O. Nyabwa**

**Petitioner (*Pro se*)**

**1341 W. 43rd Street, #163**

**Houston, TX 77018**